IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT
OCT 06 2011
Eastern District of Kentucky
FILED

Civil Action No. 6:11-CV- 277 GFVT

W. Robert Wardell, Jr.,

    Plaintiff,

v.

United States of America,
United States Government,
United States Department of Justice,
Federal Bureau of Prisons,
and DOES 1-15,

    Defendants.

## COMPLAINT and JURY DEMAND

Plaintiff alleges as follows:

### PARTIES

1.    Plaintiff W. Robert Wardell, Jr. (hereinafter "Plaintiff" or "Mr. Wardell") was at the time of the incident described herein a resident of the State of Kentucky and was incarcerated in the United States Penitentiary, Federal Bureau of Prisons, Pine Knot, Kentucky. Plaintiff is currently incarce- in the Federal Correctional Institution, Federal Bureau of Prisons, Yazoo City, Mississippi.

2.    Defendants United States of America and the United States Government are the government entity for the governance of the United States of America. These Defendants have numerous agencies charged with carrying out the governing administrative functions of the United States of America and the United States Government.

3. Defendants United States Department of Justice and Federal Bureau of Prisons are federal agencies of the United States of America and the United States Government charged with the responsibility of ensuring the safety, security, and orderly operation of Bureau of Prisons ("Bureau") facilities and protecting the public.

4. Defendants DOES 1-15 were in some way responsible for the negligence and resulting harm as described in this Complaint and their negligence actually and proximately contributed to the Plaintiff's damages. Plaintiff is informed and believes that at least some of these DOE Defendants were the agents and/or employees of the named Defendants or in some way contributed to the Plaintiff's injuries. Some of these DOES Defendants were acting within the scope of their employment of the named Defendants and thus those named Defendants are liable under a theory of respondeat superior. Some of these DOE Defendants may also be corporate entities, limited liability entities, or any other similar form of business entity with which the Defendants have a legal or contractual relationship to provide functions and duties for which the Defendants are responsible but have delegated those functions or duties. As their identities become known, the DOE Defendants will be identified. Other persons or entities that in some way caused or contributed to the cause of the negligence described herein and the injuries sustained by the Plaintiff may be designated as DOE Defendants. If and when such persons or entities are discovered, this Complaint will be amended to identify those DOE Defendants. The Plaintiff alleges each and every cause of action for his injuries against each and every one of these DOE Defendants.

5. It is the Defendants' stated objective to ensure the safety,

security, and orderly operation of Bureau facilities, and to protect the public.

6. It is the Defendants' stated objective to provide quick and safe responses in emergency situations. The Defendants state to the public that they deploy and coordinate the instillation of complex electronic security systems to protect Bureau premises which include perimeter security, access control, closed circuit television surveillance and alarm reporting systems and communication systems to ensure comprehensive radio communications throughout the Bureau facilities.

7. On February 8, 2010, the Defendants specifically had the duty and responsibility to provide for the security, health, and safety of plaintiff as a sentenced prisoner; had the duty and responsibility for provision of suitable quarters for, and safekeeping, care, and subsistence of, all persons charged with or convicted of offenses against the United States; and had the duty and responsibility for management and regulation of the United States Penitentiary McCreary at Pine Knot, Kentucky.

8. Plaintiff claims damages in excess of $75,000 in this action, exclusive of interest and costs, to be established at trial.

## JURISDICTION AND VENUE

9. Jurisdiction and venue in this Court are proper pursuant to 28 U.S.C. § 1346(b)(1) since this is a tort action brought by the Plaintiff against the United States of America, the United States Government, the United States Department of Justice, and the Federal Bureau of Prisons, an agency of the United States of America and the United States Government for injuries sustained by the Plaintiff as a result of nelgligent acts by the Defendants

and their employees and since the alleged negligence and injuries to the Plaintiff occurred in Pine Knot, Kentucky, and within the United States of America. Plaintiff further asserts jurisdiction pursuant to 28 U.S.C. § 1346(a)(2) and 28 U.S.C. § 1491(a)(1).

10. This claim and complaint is timely and properly filed in this Court. Plaintiff has complied with all notice statutes to the Defendants, including 28 U.S.C. § 2401. The Defendants received, on or about October 5, 2010, notice of Plaintiff's administrative tort claim [Standard Form 95; Administrative Tort Claim Number 2011-00040]. Thereafter, the Defendants did not forward any written notification of whether or not the Plaintiff's claim had been denied or granted within six months. Plaintiff is filing this claim within six months of the time which Defendants were to either grant or deny the Plaintiff's claim.

## BACKGROUND FACTS

11. On or about February 8, 2010, W. Robert Wardell, Jr. was housed in a United States Department of Justice and/or Federal Bureau of Prisons Correctional Facility.

12. On February 8, 2010, Defendant United States Department of Justice and/or Federal Bureau of Prisons was charged with the responsibility of providing for the security, health, and safety of Plaintiff as a sentenced prisoner.

13. On February 8, 2010, the Defendants negligently allowed other inmates to burn substances in their cells.

14. Video cameras and fire detection equipment was in place and was for the protection and safety of the prisoners being housed in the living

units.

15. It was the Defendants' obligation to monitor those video cameras, video monitors, and fire detection equipment showing the pictures being captured and the fire location to insure that the prisoners were safe in the housing units; free of fire.

16. The Defendants instructed the Plaintiff and other prisoners by verbal communication and posted signage that if a prisoner were in danger or needed assistance that the prisoner should consult the Unit Officer.

17. The Defendants failed to properly monitor the housing unit and failed to properly and timely respond and as a result the Plaintiff sustained serious injuries and assistance was not timely provided to him.

## FIRST CLAIM FOR RELIEF

(Negligence Against Defendants)

18. The Plaintiff incorporates herein by reference paragraphs 1 through 17, inclusive of this Complaint.

19. On February 8, 2010, the Plaintiff was under the care, custody, and control of the Defendants.

20. On February 8, 2010, the United States of America and the United States Government and their agencies United States Department of Justice and Federal Bureau of Prisons specifically had the obligation and duty and responsibility of providing for the security, health, and safety of claimant as a sentenced prisoner; had the obligation and duty and responsibility for provision of suitable quarters for, and safekeeping, care, and subsistence of, all persons charged with or convicted of offenses against the United States; had the duty and responsibility for ensuring the safety, security, and orderly

operation of the United States Penitentiary at Pine Knot, KY; and had the duty and responsibility for management and regulation of the United States Penitentiary McCreary at Pine Knot, Kentucky.

21. On February 8, 2010, the Defendants specifically owed Plaintiff a duty to use reasonable care to protect and guard his person and/or property from fire and/or water and soot damage in fulfilling their duties and responsibilities to ensure the safety, security, and orderly operation of the United States Penitentiary McCreary ("USP McCreary") including, but not limited to, negligently allowing inmates to burn substances in their cells. The Defendants knew or should have known that fire constituted a danger to the Plaintiff and/or Plaintiff's property.

22. The Defendants further owed the Plaintiff a duty to use reasonable care to ensure the safety, security, and orderly operation of the USP McCreary at Pine Knot, KY in fulfilling their duties and responsibilities for management and regulation of USP McCreary at Pine Knot, KY including, but not limited to, monitoring and observing the housing units by physically observing and protecting Plaintiffand his property and by monitoring the Plaintiff's cell on a video monitoring syustem designed to protect and provide security and care for prisoners, and/or their property, who might be injured. The Defendants breached this duty by failing to observe and monitor the housing units.

23. The Defendants owed the Plaintiff a duty to maintain a safe premises at the USP McCreary, to employ, train, and supervise persons to provide safe and adequate security on the premises, and to be trained and supervised so as to protect the Plaintiff and/or his property from injury.

The Defendants breached this duty by failing to adequately select, employ, train, and supervise its employees which resulted in the Plaintiff being severely and permanently injured.

24. The Defendants and each of them breached their duties that they owed to Plaintiff including, but not limited to, negligently maintaining the premises so as to create a dangerous and unsafe condition to the Plaintiff as a prisoner; failing to remedy the dangerous condition in a prompt manner; failing to warn the Plaintiff concerning the unsafe and dangerous condition; failing to adequately train its employees in how to safely maintain the USP McCreary premises in a safe manner so that the Plaintiff and Plaintiff's property were safe; failing to provide security to the patrons on the premises; and failing to properly supervise its employees to insure that those employees maintained the USP McCreary including the housing unit for the Plaintiff as a sentenced prisoner in a safe condition.

25. The negligence of the Defendants and each of them and their agents and employees as described herein was the actual and proximate cause of this incident and the Plaintiff's injuries/damages.

26. As a proximate cause of the Defendants' negligent conduct, the Plaintiff has incurred bills in the past, is continuing to incur bills, and will continue to incur bills into the future in an amount to be established at trial.

27. As a further proximate result of the Defendants' negligence, the Plaintiff has endured pain and suffering in both body and mind in an amount to be established at trial.

28. As a futher proximate result of Defendants' negligence, the Plaintiff has been unable to go about his business as he could prior to the

incident, and he has sustained economic loss in the past, is sustaining economic loss in the present, and will sustain economic loss into the future.

29. As a further proximate result of Defendants' negligence, the Plaintiff has suffered a loss of enjoyment of life.

30. As a further proximate result of Defendants' negligence, each and all of these damages will continue into the future.

### SECOND CLAIM FOR RELIEF

(Negligence Res Ipsa Loquitur Against All Defendants)

31. The Plaintiff incorporates herein by reference paragraphs 1 through 30, inclusive of this Complaint.

32. On or about February 8, 2010, the instrumentality, place and location, that is the housing unit, the security system and protocol for the housing unit of the USP McCreary in Pine Knot, Kentucky was under the exclusive management and control of the Defendants.

33. On or about February 8, 2010, the Defendants negligently did not provide for the safety of the Plaintiff and/or Plaintiff's propperty.

34. On or about February 8, 2010, the Defendants allowed inmates to burn substances in their cells and then failed to adequately monitor the video security and monitoring systems to insure that the Plaintiff and/or Plaintiff's property would be safe in the housing unit.

35. The incident which occurred and the injuries/damages which the Plaintiff sustained were of a kind that ordinarily would not have occurred in the absence of the negligence on the part of the Defendants, that is, had the Defendants not allowed inmates to burn substances in their cells and had the Defendants not failed to monitor the surveillance systems in the housing unit,

the injuries/damages sustained by Plaintiff would not have occurred.

36. There is no apparent responsible cause of the aforesaid incident other than the negligence of the Defendants as described herein.

37. Under the doctrine of <u>res ipsa loquitur</u>, the actions and the negligence of the Defendants speaks for itself as an act of negligence for which the Defendants are liable as a matter of law.

38. Plaintiff was not negligent in any way and he was unable to avoid the incident.

39. The negligence of the Defendants and each of them and their agents and employees as described herein was the actual and proximate cause of this incident and the Plaintiff's injuries/damages.

40. As a proximate cause of the Defendants' negligent conduct, the Plaintiff has incurred bills in the past, is continuing to incur bills, and will continue to incur bills into the future in an amount to be established at trial.

41. As a further proximate result of the Defendants' negligence, the Plaintiff has endured pain and suffering in both body and mind in an amount to be established at trial.

42. As a further proximate result of Defendants' negligence, the Plaintiff has been unable to go about his business as he could prior to the incident, and he has sustained economic loss in the past, is sustaining economic loss in the present, and will sustain economic loss into the future.

43. As a further proximate result of Defendants' negligence, the Plaintiff has suffered a loss of enjoyment of life.

44. As a further proximate result of Defendants' negligence, each

WHEREFORE, the Plaintiff prays for judgment as follows:

1. On their First Claim for Relief, for general and special damages against the Defendants in an amount to be proven at trial, but in any event in an amount in excess of $75,000 exclusive of interest and costs;

2. On their Second Claim for Relief, for general and special damages against the Defendants in an amount to be proven at trial, but in any event in an amount in excess of $75,000 exclusive of interest and costs;

3. On all Claims for Relief, for costs, pre- and post-judgment interest and attorney fees to the extent allowed by law;

4. On all Claims for Relief, for all costs expended in bringing and prosecuting this action;

5. On all Claims for Relief, for prejudgment interest on special damages to the extent allowed by law;

6. For such other and further relief as the Court may deem appropriate.

### JURY DEMAND

Plaintiff demands a trial by jury of any issue triable of right by jury pursuant to Rule 38, Federal Rules of Civil Procedure.

Dated: September 30, 2011.

*[signature]*

W. Robert Wardell, Jr.
P.O. Box 5888
Yazoo City, MS  39194-5888
Pro Se

-10-