Eastern District of Kentucky
**F I L E D**
SEP 0 4 2013
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

WENDEL ROBERT WARDELL, JR.,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

Civil Action No. 11-CV-277-KSF

**MEMORANDUM OPINION AND ORDER**

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

Plaintiff Wendel Robert Wardell, Jr., is an inmate confined in the Federal Correctional Institution located in Estill, South Carolina. Proceeding *pro se*, Wardell has filed a complaint and amended complaint asserting negligence claims against the United States of America under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680 ("FTCA"). [R. 1, 5] In response to Wardell's FTCA claims, the United States has moved to dismiss, pursuant to Fed. R. Civ. P. 12(b), or in the alternative, for summary judgment pursuant to Fed. R. Civ. P. 56. [R. 22] Wardell having filed a reply thereto [R. 34], this matter has been fully briefed and is ripe for review.

For the reasons detailed below, the Court concludes that the defendant United States is entitled to summary judgment. It's motion to dismiss, or alternatively, for summary judgment will be granted, and this matter will be dismissed.

## FACTUAL BACKGROUND

During the course of serving his sentence, Wardell was confined for a period of time at the United States Penitentiary-McCreary ("USP-McCreary") in Pine Knot, Kentucky. Wardell states that on February 8, 2010, at approximately 1:30 p.m., a fire occurred in a prison cell adjacent to his

cell at USP-McCreary, resulting in his personal property being damaged. Wardell claims that Bureau of Prisons ("BOP") staff at USP-McCreary were negligent by failing to monitor and observe the housing unit adjacent to his cell and that, as the result of this negligence, inmates in that cell burned substances in their cell which ultimately resulted in the fire that damaged his personal property. Wardell also claims that BOP staff were negligent by failing to prevent his property from being damaged by this fire at the prison.

As a consequence of this fire, on July 26, 2010, Wardell filed a claim with the BOP on Standard Form 95, seeking property damages in the amount of $2,665.18 and $75,000.00 for personal injuries, for a total damages claim in the amount of $77,665.18. [R. 6-1, pp. 1-22] On October 5, 2010, the United States acknowledged receipt of Wardell's administrative tort claim for $77,665.18, assigned it a Claim Number (2011-00040), and advised Wardell that pursuant to the FTCA, the United States had a period of six months from the date of receipt of his claim in which to review, consider, and adjudicate it. [R. 6-1, p. 23] There is no record of the United States having responded to Wardell's tort claim within the six-month time frame permitted by statute. However, by letter dated September 27, 2011, the United States notified Wardell that his claim, originally categorized as Administrative Tort Claim TRT-MXR-2011-00040, had been considered "for administrative settlement under 31 U.S.C. § 3723," and that his claim was being denied. [R. 22-2, p. 1] The basis for this denial is explained below:

> Your claim filed with this office will be considered for administrative settlement under 31 U.S.C. § 3723. This statute provides for the payment of claims which are "caused by the negligence of an officer or employee of the United States Government acting within the scope of their employment." You alleged that staff permitted an inmate to burn items in your cell which resulted in fire, soot and water damage while you were housed at United States Penitentiary McCreary, [Pine Knot] Kentucky.

2

> You allege that staff negligence resulted in damage to your personal property. You claim government liability in the amount of $77,665.18.
>
> A review into your claim has revealed that no fire was reported in the housing unit on February 8, 2010. It has been determined that staff was not negligent with your personal property and any loss was not caused by any omission on the part of a Bureau of Prisons employee.
>
> Therefore, in view of the above, your claim is denied. You cannot file suit in an appropriate U.S. District Court as there is no judicial review for claims decided pursuant to 31 U.S.C. § 3723. You may request in writing, that the Bureau reconsider your claim. Your request for reconsideration must be submitted within three months of the date of this letter. You must include additional evidence to support your request for reconsideration.

*Id.*

Apparently, Wardell did not request the BOP to reconsider his claim. Instead, on October 6, 2011, he filed this present complaint against the United States pursuant to FTCA, claiming that BOP staff was negligent in failing to prevent damage caused by another inmate burning something in his cell, resulting in "fire, water, and soot damage" to his personal property, thus breaching a duty owed to him. [R. 1] On October 28, 2011, Wardell filed an Amended Complaint, adding allegations that BOP personnel had disengaged fire detection equipment. [R. 5] Wardell seeks an "amount in excess of $75,000 exclusive of interest and costs," attorney's fees, pre- and post-judgment interest, costs, and a trial by jury. [R. 1, R. 5]

## DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT

*Standards for Dismissal/Summary Judgment*

Fed.R.Civ.P. 12(b) provides for the dismissal of claims and parties for seven listed reasons. Subsection (b)(6) provides for dismissal for failure to state a claim upon which relief can be granted. Thereafter, Rule 12 continues, in subsection (d), as follows:

3

> **(d)** **Result of Presenting Matters Outside the Pleadings.** If, on a motion under Rule 12(b) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties shall be given reasonable opportunity to present all material made pertinent to the motion.

*Id.* Thus, the plain language of Rule 12(d) permits a 12(b)(6) motion to be converted into a motion for summary judgment. As the moving defendants herein have submitted the Declaration of Denise M. Gottleib, plus the attachments thereto, and the Declaration of M. Anthony Bryant, including Wardell's medical records maintained by the BOP for the period of time from January 01, 2010 to December 31, 2011, that were attached to M. Anthony Bryant's Declaration (which the Court has considered in evaluating the defendant's motion [R. 22)]), summary judgment standards will be applied.

In determining a motion for summary judgment, the Court must determine whether there are "no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corporation v. Catrett*, 477 U.S. 317, 322, (1986).

The Supreme Court has directed that a court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The significant question is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that

one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-53, (1986). The moving party has the burden of showing there is an absence of evidence to support a claim. *Celotex*, 477 U.S. at 324-25. After a moving party carries its burden, the non-moving party must go beyond the pleadings to designate by affidavits, depositions, answers to interrogatories, and admissions on file, specific facts showing that there is a genuine issue of material fact for trial. *Id.* With these standards in mind, the Court examines the defendant's motion.

## ANALYSIS

### A. Physical Injury Is Required To Maintain a FTCA Claim for Personal Injury

Under the FTCA, a plaintiff may recover a monetary award from the United States for injury, property loss, or death "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope . . . of employment." 28 U.S.C. § 1346(b). The United States may be held liable only if the conduct complained of amounts to negligence "in accordance with the law of the place where the act or omission occurred." [Id.] Thus, liability under the FTCA is governed by state law. *See Rayonier Inc. v. United States*, 352 U.S. 315 (1957). In the present action, the alleged negligent acts occurred in Kentucky, making Kentucky state tort law applicable to this case. [*Id.*]

For a plaintiff to establish a cause of action for common law negligence in Kentucky, he must prove the following elements: (1) duty of care; (2) breach of that duty; (3) actual injury, and (4) that the injury was proximately caused by the negligence. The absence of any one of the elements is fatal to the claim. *See Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245 (Ky. 1997); *Watters v. TSR, Inc.*, 904 F.2d 378 (6th Cir. 1990). When Wardell filed his tort claim on Standard Form 95, he claimed that due to the alleged negligence of prison staff, he had endured "pain

and suffering in both body and mind." [R. 6-1, p. 3] However, Wardell did not allege any actual, discrete physical injury resulting from the fire in the prison cell. Based on the fact that Wardell identified no specific physical injury, the BOP considered his claim to be a claim for property loss, submitted pursuant to 31 U.S.C. § 3723, even though the claim was filed on Standard Form 95, utilized for the filing of an administrative tort claim. In essence, the BOP ignored the form of Wardell's claim (the form used for the filing of a tort claim) and focused instead on its substance, a claim for property loss authorized by 31 U.S.C. § 3723.

Due to the absence of any proof of any physical injury to Wardell, the BOP categorized his claim as a property claim. This decision is supported by Wardell's medical records which show a complete absence of any reported physical injury to Wardell, as seen from the Declaration of M. Anthony Bryant, who states, in relevant part, that:

> 1. I am a Commissioned Officer with the United States Public Health Service currently assigned to the United States Penitentiary (hereinafter "USP"), McCreary, Kentucky, as a Physician Assistant.
>
> 2. I am aware that Wendel Wardell, Jr., Register Number 32096-013 (hereinafter "Plaintiff"), is a federal inmate formerly housed at USP McCreary, Kentucky. I am also aware that Plaintiff has filed a lawsuit alleging the United States was negligent in failing to prevent destruction of his property on February 8, 2010, when Plaintiff alleges that a fire in another cell caused damage to his property.
>
> 3. I have reviewed Plaintiff's medical records from January 2010, prior to the incident in question, for more than two years after that date. From these records, I found no complaints involving possible personal injury from smoke, fire, or exposure to water/chemicals used to distinguish [sic] a fire.
>
> 4. Additionally, I found no medical reports of physical exam findings that would indicate any injury occurred under these conditions.

[R. 34-1].

6

Wardell's BOP medical records, consisting of 228 pages, are attached to M. Anthony Bryant's declaration. [R. 34-2, 34-3, 34-4, 34-5, 34-6, 34-7, 34-8, 34-9]. Wardell's medical records establish that he did not seek any treatment for any condition after February 8, 2010, the date of the prison cell fire, until July 11, 2010, when he went to the health clinic for his monthly kenalog injection [R. 34-2, p. 14] and that he never presented himself - at any time in 2010 or 2011 - to the health clinic for treatment of any symptoms that could be related to the fire on February 8, 2010. Wardell's general medical issues are psoriasis, a condition he has had since age 15, chronic headaches, and irritable bowel syndrome. Other than a skin rash in his groin area, Wardell did not seek treatment for any other condition in 2010 and 2011. Thus, he has shown no physical injury from the fire on February 8, 2010.

The FTCA prohibits an inmate from filing suit against the United States for mental or emotional injury absent a prior showing of physical injury. 28 U.S.C. § 1346(b)(2). In *Glover-Bryant v. Uptagraft*, No. 09-CV-134-JMH, 2009 WL 2877149 (E.D. Ky. September 2, 2009) the Court cited 28 U.S.C. §1346(b)(2) to reinforce the conclusion that Congress can and has limited recovery for emotional injuries. Section 1346(b)(2) states in pertinent part:

> (2) No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Consequently, in the absence of any claim for a specific, discrete physical injury and in the absence of any treatment for any fire-related injury after the February 8, 2010, prison cell fire, the BOP properly considered Wardell's claim solely as a claim for property loss. Even if Wardell's request for damages for personal injury had been considered under the FTCA, Wardell identified

no specific physical injury, and medical records indicate no attendant physical injury whatsoever.[1] [Wardell's Administrative Claim, R. 6-1; Declaration of Denise M. Gottleib, ¶7, R. 22-3, p. 2; Declaration of M. Anthony Bryant, PAC, ¶ 3; R. 22-4.]

### B. Physical Injury Is Required To Maintain A Personal Injury Claim Under PLRA

The Prison Litigation Reform Act ("PLRA"), enacted in 1996, prohibits claims for mental or emotional injury without a prior showing of physical injury. In pertinent part, the PLRA states:

> **(e) Limitation on Recovery**
> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. §1997e(e). Thus, the PLRA statutorily mandates a prior showing of physical injury before a prisoner may bring a claim for emotional or mental damages. The Sixth Circuit has ruled that §1997e(e) bars a prisoner's lawsuit if his initial complaint failed to allege any physical injury arising in prison. *Harden-Bey v. Rutter*, 524 F.3d 789, 795-96 (6th Cir. 2008). *See also Adams v. Rockafellow*, 66 F. App'x. 584 (6th Cir. 2003) (Plaintiff failed to establish that he sustained physical injury; claim barred by 42 U.S.C. §1997e(e)); *Merchant v. Hawk-Sawyer*, 37 F. App'x. 143, 145-46 (6th Cir. 2002) (prisoner's complaint denied as it did not comport with §1997e(e) by not alleging physical injury due to prison housing conditions.)

Most courts, including the Sixth Circuit, have held that §1997e(e) applies to all federal prisoner lawsuits. *See, e.g., Taylor v. United States of America, et al.*, 161 F. App'x. (6th Cir. 2005).

---

[1] Even assuming, arguendo, that Wardell could pursue an FTCA claim for his alleged property loss based upon a fire set by other inmates, his claim would fail as a matter of law. *See Harding v. United States*, No. 04-cv-255-HRW, 2006 WL 3193377 (E.D. Ky. Nov. 1, 2006) (When cell fire was set by another inmate, Court found no jurisdiction under FTCA when loss not caused by United States; also the "detention of goods" exception to FTCA barred claim).

8

Although §1997e(e) does not define "physical injury," the case law in this area reflects the predicate injury need not be significant, but must be more than *de minimis* to satisfy the provision of the PLRA. *Adams v. Rockafellow, supra. See also Randall v. Pitzer*, 23 F. App'x. 532, 2001 WL 1631467 (6th Cir. 2001).

In the present action, Wardell has failed to assert in his administrative claim, complaint, or amended complaint that he suffered specific physical injury, *de minimis* or otherwise, from the alleged negligence of the BOP employees. [R. 1: Complaint; R. 5: First Amended Complaint.] In fact, other than Wardell's broad, conclusory statements that "he endured pain and suffering in both body and mind," there is a dearth of evidence to support any claim of physical injury whatsoever. Instead, his medical records reflect just the opposite. A review of Wardell's medical records from January 2010, and for more than two years following the alleged date of the incident, reveals no complaints of any possible personal injury from smoke, fire, or exposure to water or chemicals used to extinguish such a fire. Further review of these records reveals no report of any physical examination findings that would indicate that Wardell suffered any physical injury under such a condition. At most, Wardell's complaint can be interpreted to present a claim for mental and/or emotional injury. [R. 1: Complaint; R. 5: First Amended Complaint.] *See Kossie v. Crain*, 602 F.Supp.2d 786 (S.D.Tex. 2009). Such claims are manifestly not actionable under either 42 U.S.C. § 1997e(e) of the PLRA or 28 U.S.C. § 1346(b)(2), and must be dismissed.

Wardell argues that due to the BOP's response that no fire occurred on February 8, 2010, there is a genuine issue of material fact that prohibits the entry of summary judgment. While the BOP's investigation revealed that "no fire was reported in the housing unit on February 8, 2010" [R. 22-2], that conclusion by the BOP does not create a genuine issue of material fact mandating

the denial of the defendant's motion for summary judgment. Because Wardell has not alleged any specific, discrete injury resulting from that alleged fire in the prison cell, and because his medical records establish that he never sought treatment for any fire-related injury, it is irrelevant whether a fire did or did not occur in the prison on February 8, 2010. In the absence of any physical injury, Wardell cannot maintain a claim for personal injury under either the FTCA or the PLRA, fire or no fire. Wardell's argument is a red herring.

To summarize, Wardell has failed to provide any support for his bare claim of negligence under the FTCA. Wardell fails to substantiate his allegations with a requisite showing of physical injury. For this reason, the BOP properly categorized his claim as a claim for property loss under 31 U.S.C. § 3723, and this decision regarding Wardell's property claim is not subject to judicial review. Further, Wardell has failed to present a claim against the United States pursuant to the provision of the PLRA prohibiting claims for emotional injury without a prior showing of physical injury (42 U.S.C. § 1997e(e), the FTCA, and the requirements of Kentucky state tort law). Therefore, the United States is entitled to judgment as a matter of law.

Accordingly, **IT IS HEREBY ORDERED** that:

1. The motion of defendant United States of America to dismiss, or alternatively, for summary judgment [R. 22] is **GRANTED**.

2. Pursuant to Fed. R. Civ. P. 56(c), summary judgment is entered in favor of the defendant.

3. Plaintiff Wendel Wardell, Jr.'s Complaint, R.1, and Amended Complaint, R. 5, filed pursuant to the Federal Tort Claims Act, are **DISMISSED WITH PREJUDICE**.

4. The Court shall enter an appropriate judgment.

5.  This action is **STRICKEN** from the docket of the Court.

This __3__ day of September, 2013.

_____
Karl S. Forester, Senior Judge